# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EDWARD TOBIN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Samsung ELECTRONICS AMERICA, INC.,

Defendant.

Civil Action No. 2:18-cv-12473-JLL-SCM

Motion Return Date:  November 5, 2018

Oral Argument Requested

---

## MEMORANDUM OF LAW OF DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC. IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Michael R. McDonald, Esq.
**GIBBONS P.C.**
One Gateway Center
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
Tel.: 973.596.4827
Fax: 973.639.6295
mmcdonald@gibbonslaw.com

Paul J. Fishman, Esq.
Diana K. Sterk, Esq. (*pro hac vice* pending)
Elie Salamon, Esq. (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel.: 212.836.8000
Fax: 212.836.8689
Paul.Fishman@arnoldporter.com
Diana.Sterk@arnoldporter.com
Elie.Salamon@arnoldporter.com

Attorneys for Defendant Samsung Electronics America, Inc.

[Additional Counsel Listed On Next Page]

Kenneth L. Chernof, Esq. (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel.: 202.942.5000
Fax: 202.942.5999
Kenneth.Chernof@arnoldporter.com

# TABLE OF CONTENTS

<u>Page</u>

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF ALLEGED FACTS ........................................................ 3

I.      Plaintiff's Television Purchase ................................................... 3

II.     SEA's Limited Warranty ........................................................... 4

III.    Plaintiff's Allegations .............................................................. 6

IV.     The Complaint's Purported Claims ............................................. 7

LEGAL STANDARD ............................................................................. 8

ARGUMENT ....................................................................................... 9

I.      Plaintiff Fails to State a Claim for Breach of Express Warranty (Count II) ........... 9

        A.      New Jersey and New York Law Are Equivalent in Key Respects and
                Both Mandate Dismissal of Plaintiff's Express Warranty Claim; To
                the Extent They Conflict at All, New York Law Would Apply ................ 10

        B.      Plaintiff's Failure to Allege Pre-Suit Notice Requires Dismissal ............. 12

        C.      The Limited Warranty Does Not Provide the Warranties Alleged by
                Plaintiff .................................................................................. 14

II.     Plaintiff's Breach of Implied Warranty Claim Must Be Dismissed for Lack
        of Privity and Because Such Warranties Were Disclaimed (Count III) ............... 16

III.    Plaintiff's Magnuson-Moss Warranty Act Claim Should Be Dismissed
        Because He Has Failed to State a Plausible Breach of Warranty Claim
        (Count I) .................................................................................. 18

IV.     Plaintiff Fails to State a Claim for Unjust Enrichment (Count IV) ...................... 19

V.      Plaintiff Fails to Plead a Fraud Claim (Count VII) ..................................... 24

        A.      Plaintiff Fails to Plead Fraud with Particularity Under Rule 9(b) .............. 24

B.      Plaintiff's Fraud Claim Fails Because He Cannot Establish that
        SEA's Alleged Conduct Was a Proximate Cause of Any Claimed
        Harm ................................................................................................. 31

VI.     Plaintiff's New York General Business Law Claims Are Insufficiently Pled
        and Must Be Dismissed (Counts V and VI) .......................................... 32

VII.    Plaintiff Lacks Article III Standing to Assert Any Claims Regarding
        Television Models that He Did Not Purchase ....................................... 36

CONCLUSION ........................................................................................ 40

# TABLE OF AUTHORITIES

Page(s)

<u>**Cases**</u>

*Abraham v. Volkswagen of Am., Inc.,*
  795 F.2d 238 (2d Cir. 1986)............................................................................13

*ACH Enters. 1 LLC v. Viking Yacht Co.,*
  817 F. Supp. 2d 465 (D.N.J. 2011)....................................................................4

*Aliments Krispy Kernels, Inc. v. Nichols Farms,*
  851 F.3d 283 (3d Cir. 2017)............................................................................10

*All Seasons Home Improvement Co. v. Arch Concept Constr., Inc.,*
  No. CV 16-751(FLW), 2018 WL 3928787 (D.N.J. Aug. 16, 2018) ................20

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...................................................................................8, 26

*Avram v. Samsung Elecs. Am., Inc.,*
  No. CIV. 2:11-6973 KM, 2013 WL 3654090 (D.N.J. July 11,
  2013) ...........................................................................................................22

*Baron v. Pfizer, Inc.,*
  840 N.Y.S.2d 445 (App. Div. 2007).........................................................35, 36

*Barrett v. Black & Decker (U.S.) Inc.,*
  No. 06 CIV. 1970(SCR)MDF, 2008 WL 5170200 (S.D.N.Y. Dec.
  9, 2008)..............................................................................................14, 15, 16

*Cafaro v. Emergency Servs. Holding, Inc.,*
  72 N.Y.S.2d 806 (App. Div. 2004).........................................................11, 12

*Callano v. Oakwood Park Homes Corp.,*
  91 N.J. Super. 105 (App. Div. 1966)...............................................................24

*Ciccone v. World Sav. Bank, F.S.B.,*
  No. 3:12-CV-01661-PGS, 2013 WL 2146912 (D.N.J. May 15,
  2013) .............................................................................................................9

*Cooper v. Samsung Elecs. Am., Inc.*,
  374 F. App'x 250 (3d Cir. 2010) ....................................................................18

*Cooper v. Samsung Elecs. Am., Inc.*,
  No. CIV.A.07-3853 JLL, 2008 WL 4513924 (D.N.J. Sept. 30,
  2008) ...............................................................................................................17

*Cordova v. Smith & Nephew, Inc.*,
  No. 14-CV-351 JFB ARL, 2014 WL 3749421 (E.D.N.Y. July 30,
  2014) ...............................................................................................................14

*David v. Volkswagen Grp. of Am., Inc.*,
  No. CV 17-11301-SDW-CLW, 2018 WL 1960447 (D.N.J. Apr.
  26, 2018) ...................................................................................... 27, 29, 38, 39

*Demorato v. Carver Boat Corp.*,
  No. CIV.A.06 240 JAP, 2007 WL 1456207 (D.N.J. May 16, 2007) ................17

*Dixon v. Ford Motor Co.*,
  No. 14-CV-6135 JMA ARL, 2015 WL 6437612 (E.D.N.Y. Sept.
  30, 2015) ..........................................................................................................33

*E. Coast Office Sys., Inc. v. Citicorp Vendor Fin., Inc.*,
  No. CIV. 06-24 (GEB), 2006 WL 3257091 (D.N.J. Nov. 9, 2006) ..................21

*Fabricatore v. ADT LLC*,
  No. CV 16-916 (FLW)(DEA), 2018 WL 3696581 (D.N.J. Aug. 3,
  2018) .................................................................................................................9

*Feldman v. Mercedes-Benz USA, LLC*,
  No. 2:11-CV-00984 WJM, 2012 WL 6596830 (D.N.J. Dec. 18,
  2012) ...............................................................................................................10

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) .....................................................................11, 24

*Garcia v. Chrysler Grp. LLC*,
  127 F. Supp. 3d 212 (S.D.N.Y. 2015) .......................................................13, 32

*Glauberzon v. Pella Corp.*,
  No. CIV.A. 10-5929 JLL, 2011 WL 1337509 (D.N.J. Apr. 7, 2011) ...............18

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*,
525 F. App'x 94 (3d Cir. 2013) ..................................................................26

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*,
No. CIV.A. 11-4429 JLL, 2012 WL 1574301 (D.N.J. May 3, 2012)..........27, 30

*Gould v. Helen of Troy Ltd.*,
No. 16 CIV. 2033 (GBD), 2017 WL 1319810 (S.D.N.Y Mar. 30, 2017) ....................................................................................................11, 17

*Grandalski v. Quest Diagnostics Inc.*,
767 F.3d 175 (3d Cir. 2014) ......................................................................10

*Granillo v. FCA US LLC*,
No. CV 16-153 (FLW)(DEA), 2016 WL 9405772 (D.N.J. Aug. 29, 2016) ..........................................................................................................4

*Green v. Green Mountain Coffee Roasters, Inc.*,
279 F.R.D. 275 (D.N.J. 2011) ....................................................................38

*Greene v. BMW of N. Am.*,
No. CIV. 2:11-04220 WJM, 2013 WL 5287314 (D.N.J. Sept. 17, 2013) ........................................................................................................19

*Haas v. Pitt. Nat'l Bank*,
526 F.2d 1083 (3d Cir. 1975) ...............................................................39, 40

*Hanna v. Plumer*,
380 U.S. 460 (1965) ..................................................................................25

*Hatteras Press, Inc. v. Avanti Comput. Sys. Ltd.*,
No. CV 16-5420 (MLC), 2017 WL 2838349 (D.N.J. June 30, 2017) ........................................................................................................21

*Hoffman v. DSE Healthcare Sols., LLC*,
No. CIV.A. 13-7582 JLL, 2014 WL 2119753 (D.N.J. May 21, 2014) ........................................................................................................28

*Hole v. Gen. Motors*,
442 N.Y.S.2d 638 (App. Div. 1981) .............................................................13

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) .....................................................................26

*In re: Elk Cross Timbers Decking Mktg.*,
   No. 2577, 2015 WL 6467730 (D.N.J. Oct. 26, 2015) ......................................19

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
   184 F.3d 280 (3d Cir. 1999)................................................................................4

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
   311 F.3d 198 (3d Cir. 2002)............................................................25, 26, 28

*In re Suprema Specialties, Inc. Sec. Litig.*,
   438 F.3d 256 (3d Cir. 2006)........................................................8, 24, 25, 27

*In re Tropicana Orange Juice Mktg. & Sales Practices Litig.*,
   No. CV 2:11-07382, 2018 WL 497071 (D.N.J. Jan. 22, 2018)........................11

*Kalimantano GmbH v. Motion in Time, Inc.*,
   939 F. Supp. 2d 392 (S.D.N.Y. 2013) ......................................................25, 32

*Kauffman v. Dreyfus Fund, Inc.*,
   434 F.2d 727 (3d Cir. 1970)..............................................................................38

*Kaye v. Grossman*,
   202 F.3d 611 (2d Cir. 2000)..............................................................................31

*Kearney v. Bayerische Motoren Werke Aktiengesellschaft*,
   No. CV1713544WHWCLW, 2018 WL 4144683 (D.N.J. Aug. 29,
   2018) ................................................................................................................25

*Key Int'l Mfg., Inc. v. Morse/Diesel, Inc.*,
   536 N.Y.S.2d 792 (App. Div. 1988)..................................................................32

*Kommer v. Bayer Cons. Health*,
   252 F. Supp. 3d 304 (S.D.N.Y. 2017) ...................................................32, 34, 35

*Lewis v. Casey*,
   518 U.S. 343 (1996)..................................................................................37, 39

*Lieberson v. Johnson & Johnson Consumer Cos., Inc.*,
   865 F. Supp. 2d 529 (D.N.J. 2011)..........................................................37, 39

*Longo v. Envtl. Prot. & Improvement Co., Inc.*,
   No. 216CV09114JLLJAD, 2017 WL 2426864 (D.N.J. June 5,
   2017) ................................................................................................................25

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992).........................................................................37

*Maltz v. Union Carbide Chems. & Plastics Co.*,
    992 F. Supp. 286 (S.D.N.Y. 1998) ................................................17

*Mayer v. Belichick*,
    605 F.3d 223 (3d Cir. 2010)..........................................................9

*McQueen v. BMW of N. Am., LLC*,
    No. CIV.A. 12-6674 SRC, 2013 WL 4607353 (D.N.J. Aug. 29,
    2013) ..............................................................................................4

*Miller v. Samsung Elecs. Am., Inc.*,
    No. CIV.A. 14-4076, 2015 WL 3965608 (D.N.J. June 29, 2015)....................11

*Millman v. Subaru of Am., Inc.*,
    No. CIV.A. 07-4846 (JLL), 2008 WL 623032 (D.N.J. Mar. 6,
    2008) ............................................................................................25

*MZL Capital Holdings, Inc. v. TD Bank, N.A.*,
    No. 14-CV-05772 ..........................................................................20

*Neuss v. Rubi Rose, L.L.C.*,
    No. CV162339MASLHG, 2018 WL 445432 (D.N.J. Jan. 16, 2018)...............18

*Oliver v. Funai Corp.*,
    No. 14-CV-04532, 2015 WL 3938633 (D.N.J. June 25, 2015)........................ 23

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015)..........................................................32

*Orlando v. Novurania of Am., Inc.*,
    162 F. Supp. 2d 220 (S.D.N.Y. 2001) ....................................25, 32

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993)..........................................................4

*Petrosino v. Stearn's Prods., Inc.*,
    2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018) ..............................12

*Premier Pork L.L.C. v. Westin, Inc.*,
    No. CIV.A. 07-1661, 2008 WL 724352 (D.N.J. Mar. 17, 2008)................20, 21

*Prue v. Fiber Composites, LLC*,
  No. 11-CV-3304 ERK LB, 2012 WL 1314414 (E.D.N.Y. Apr. 17,
  2012) ........................................................................................................15

*Semeran v. Blackberry Corp.*,
  No. 215CV00750SDWLDW, 2016 WL 406339 (D.N.J. Feb. 2,
  2016) ........................................................................................................38

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976)..............................................................................37, 39

*Snyder v. Farnam Cos., Inc.*,
  792 F. Supp. 2d 712 (D.N.J. 2011)..............................................................23

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016).................................................................................36

*St. Matthew's Baptist Church v. Wachovia Bank Nat'l Ass'n*,
  No. CIV.A. 04-4540 (FLW), 2005 WL 1199045 (D.N.J. May 18,
  2005) ........................................................................................................20

*Stevenson v. Mazda Motor of Am., Inc.*,
  No. 14-5250 FLW DEA, 2015 WL 3487756 (D.N.J. June 2, 2015) ................29

*Tomasino v. Estee Lauder Cos. Inc.*,
  44 F. Supp. 3d 251 (E.D.N.Y. 2014).......................................................11, 33

*Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*,
  No. CIV. 08-5380 (JLL), 2009 WL 4730187 (D.N.J. Dec. 3, 2009)................21

*Winslow v. Corp. Express, Inc.*,
  364 N.J. Super. 128 (App. Div. 2003)..........................................................20

*Woods v. Maytag Co.*,
  No. 10-CV-0559 ADS WDW, 2010 WL 4314313 (E.D.N.Y. Nov.
  2, 2010)......................................................................................................33

## **Statutes**

15 U.S.C. § 2301(6) ............................................................................................14

15 U.S.C. § 2310(d)(1) .......................................................................................18

Magnuson-Moss Warranty Act ....................................................................7, 18, 19

N.Y. U.C.C. § 2-316(2)...............................................................................17

New York General Business Law §§ 349 and 350 ........................................*passim*

U.C.C. § 12A:2-607 .........................................................................9, 10, 12, 13

## **Other Authorities**

Fed. R. Civ. P. 8........................................................................... 10, 26, 30

Fed. R. Civ. P. 9(b) ................................................ 8, 23, 24, 25, 30

Fed. R. Civ. P. 12(b)(6)...........................................................................4, 8

Restatement (Second) of Conflict of Laws § 188 .................................11

U.S. Const. art. III......................................................................36, 37, 39

## PRELIMINARY STATEMENT

Defendant Samsung Electronics America, Inc. ("Defendant" or "SEA") respectfully submits this memorandum in support of its Federal Rule of Civil Procedure 12(b)(6) and 9(b) motion to dismiss the Class Action Complaint (ECF Dkt. No. 1) ("Compl.") filed by Plaintiff Edward Tobin ("Plaintiff").

This is a simple case about a Plaintiff who bought a TV that allegedly malfunctioned.  Rather than getting his TV fixed or replaced at no cost via the express warranty that came with the TV—a warranty designed for the very reason that consumer products, such as TVs, sometimes malfunction—he waited until after the warranty expired, and then filed this putative class-action lawsuit.

The allegations and glaring omissions make clear why the Court should dismiss the Complaint.  Plaintiff alleges that he purchased a Samsung television from Best Buy on November 24, 2016, and that he noticed a defect in the television's screen within "several months" after purchasing the television.  He acknowledges that his television came with a written warranty.  That warranty, which is reviewable on this motion, covered "manufacturing defects in materials and workmanship" for one year from the date of purchase.  *See* Decl. of Rick Heal, ("Heal Decl."), Ex. 1 at 19.

Plaintiff conspicuously does not allege that he made any effort to comply with, or exercise his rights under, the warranty.  He does not allege that he ever

gave notice to SEA of the alleged defect.  And he does not allege that he ever took steps to seek repair or replacement of his model despite having many months of the warranty period to do so.  Instead, he apparently elected to wait until nearly two years after his purchase to raise the issue at all, and he did so by filing the Complaint in this case.  By choosing that course, Plaintiff attempts to circumvent the clear and express language in the one-year Limited Warranty that came with his television and to evade the consequences of his choice to forgo his warranty options.

Plaintiff could have and should have exercised his warranty, and his failure to do so is one of many reasons why the entire Complaint should be dismissed. Plaintiff's claims also fail because: (1) he did not provide SEA with required pre-suit notice of the defect; (2) there is no privity between Plaintiff and SEA, which bars his claim for breach of implied warranty; (3) the written warranty, not principles of unjust enrichment, governs the relationship between the parties; (4) the written warranty explicitly excludes the additional warranties he alleges were breached; (5) Plaintiff fails to allege that any purported injury was proximately caused by SEA; (6) Plaintiff fails to state his claims with sufficient particularity; and (7) Plaintiff fails to allege that he suffered any damages from TV models other than his own, in violation of Article III's bedrock standing principles.

The Complaint itself confirms the hollowness of Plaintiff's claims.  He has chosen to include photographs showing defects in *other people's* unidentifiable televisions.  Yet he does not claim that any are the same model as the one he purchased.  And even more suspiciously, he does not provide a picture of his own allegedly defective TV.

If Plaintiff truly experienced a problem with his television, he should have done what his warranty and the law require:  alert SEA about the purported failure with his TV and ask for a repair or replacement under the warranty.  His failure to do so infects the Complaint's viability.  For that and the other reasons set forth below, SEA respectfully requests that the Court dismiss Plaintiff's Class Action Complaint in its entirety.

## STATEMENT OF ALLEGED FACTS

### I.    PLAINTIFF'S TELEVISION PURCHASE

The Complaint against SEA stems from Plaintiff's claim that, on November 24, 2016, he purchased a Samsung LED TV, Model No. UN50J5201AFX, for $325.86 from a Best Buy store in Patchogue, New York.  Compl. ¶ 5.  He also seeks to bring claims on behalf of everyone who "purchased a defective Samsung LED TV" from 2012 onward, including series 5200, 5300, 5500, 6200, 6300, 6350, 6400, 6900, and 7200 televisions, even though he did not purchase any of those other television models.  *Id.* ¶ 14, 17.

## II.    SEA's LIMITED WARRANTY

Plaintiff's television, Model No. UN50J5201AFX, came with a Limited
Warranty ("Limited Warranty").  *See* Compl. ¶¶ 5, 29; Heal Decl. ¶ 2.  That
Limited Warranty warranted against "manufacturing defects in materials and
workmanship" for a period of one year for parts and labor "begin[ning] on the
original date of purchase."[1]  *See* Heal Decl., Ex. 1 at 19.  The Limited Warranty
further provided that "Samsung will repair or replace this product, at our option
and at no charge as stipulated herein, with new or reconditioned parts or products if
found to be defective during the limited warranty period specified above."  *Id.*  The
Limited Warranty also repeatedly provided instructions on how purchasers could
avail themselves of these protections.  In the second paragraph, it stated that, "[t]o

---

[1] The Court may consider the terms and conditions of the Limited Warranty in
ruling on this Rule 12(b)(6) motion because it is relied upon, referenced in, and
integral to, the Complaint.  *See* Compl. ¶¶ 27, 29, 30, 32, 33, 38, 40, 121–32; *In re
Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) ("[A]
court can consider a document *integral to or explicitly relied upon* in the
complaint." (internal quotation marks omitted)); *Pension Ben. Guar. Corp. v.
White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (courts may
consider a "document that a defendant attaches as an exhibit to a motion to dismiss
if the plaintiff's claims are based on the document").  This Court routinely
considers the warranty at issue in a motion to dismiss, even where the complaint
does not attach the warranty.  *See, e.g.*, *Granillo v. FCA US LLC*, No. CV 16-153
(FLW)(DEA), 2016 WL 9405772, at *11 n.4 (D.N.J. Aug. 29, 2016); *McQueen v.
BMW of N. Am., LLC*, No. CIV.A. 12-6674 SRC, 2013 WL 4607353, at *7 n.7
(D.N.J. Aug. 29, 2013); *ACH Enters. 1 LLC v. Viking Yacht Co.*, 817 F. Supp. 2d
465, 467 n.4 (D.N.J. 2011).  The full Limited Warranty accompanying Plaintiff's
television is attached to the Declaration of Rick Heal filed with this motion.  *See*
Heal Decl., Ex. 1.

4

receive warranty service, the purchaser must contact SAMSUNG for problem determination and service procedures." *Id*.  It further directed purchasers to "please contact SAMSUNG" "[t]o obtain warranty service," and provided Plaintiff with a toll-free telephone number and email and mailing addresses to obtain warranty service on his television.  *Id.* at 20.

The Limited Warranty also contained explicit, express limitations in all-capitalized font:

> THERE ARE NO EXPRESS WARRANTIES OTHER THAN THOSE LISTED AND DESCRIBED ABOVE, AND NO WARRANTIES WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, SHALL APPLY AFTER THE EXPRESS WARRANTY PERIODS STATED ABOVE, AND NO OTHER EXPRESS WARRANTY OR GUARANTY GIVEN BY ANY PERSON, FIRM OR CORPORATION WITH RESPECT TO THIS PRODUCT SHALL BE BINDING ON SAMSUNG.

*Id.* at 20.  In addition, the Limited Warranty made clear that "SAMSUNG does not warrant uninterrupted or error-free operation of the product."  *Id*. at 19.

Plaintiff vaguely alleges that he "relied on Defendant's representation that the television would be fit to perform its intended purpose," *see* Compl. ¶ 5, but that representation is not made in the Limited Warranty and Plaintiff does not allege where or when that representation was made to him, or by whom.

### III.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, "within several months" of his purchase, still well within the one-year warranty period, his television "overheated and developed permanent vertical lines throughout the side of the screen, rendering the Product unfit for use."  Compl. ¶ 5.  Although the warranty covered precisely this kind of occurrence and provided Plaintiff with a simple resolution, Plaintiff elected to forgo his rights.  Instead, he waited nearly two years and brought this lawsuit.

Apparently based on undated and unverified online complaints by other people regarding different TV models he did not buy (some not even identified as Samsung products), *see id.* ¶ 13, Plaintiff claims that the alleged overheating of his TV is one of a number of problems that consumers have experienced with other model Samsung LED TVs within series 5200, 5300, 5500, 6200, 6300, 6350, 6400, 6900, and 7200.  *Id.* ¶¶ 11, 14.  But Plaintiff does not plead how many, if any, consumers submitted online complaints to SEA about the model of television that he purchased with the same alleged malfunction.  Moreover, although Plaintiff claims that "Samsung has been aware of the defect since at least 2015," *id.* ¶ 15, none of these alleged, unverified complaints from unidentified consumers include the dates on which they were made or show that they were ever submitted to SEA. The Complaint merely describes these as "online consumer complaints," *id.* ¶ 13,

and does not even allege that SEA was ever made aware of them, let alone that they were submitted to SEA before Plaintiff purchased his television.

Further, although Plaintiff's only complaint about his own television was that its alleged overheating caused vertical lines in the screen, *id.* ¶ 5, he describes an array of unrelated problems allegedly encountered by other purchasers of other products.  In addition, although he attaches photographs of the purported defect experienced by purchasers of other unidentified "Samsung[] products" that he alleges were submitted "to Samsung and the Consumer Product Safety Commission," Plaintiff does not allege that these images are of TVs (as opposed to computer monitors or other products), let alone that they are the same model as his own. *Id.* ¶ 12.  Notably, Plaintiff does not include a photograph of his own television.

Nor does Plaintiff allege any personal injury or property damage.  Instead, his claimed damages are limited to the cost of a TV that malfunctioned. *Id.* ¶ 16.

## IV. THE COMPLAINT'S PURPORTED CLAIMS

Based on those facts, the Complaint alleges claims against SEA for violation of the Magnuson-Moss Warranty Act, breach of express warranty, breach of implied warranty, unjust enrichment, fraud, and false advertising and deceit in violation of New York General Business Law §§ 349 and 350.  *See* Compl. ¶¶ 24–71.  Plaintiff asserts each cause of action on behalf of a nationwide putative class

and New York state putative class of consumers that, "from 2012 onward," "purchased a defective Samsung LED TV." *Id.* ¶¶ 17, 18.

## LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or for pleading insufficient facts. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements" or "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. *Id.* (second alteration in original). A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When a complaint fails to meet this standard, the claims must be dismissed.

In addition, a plaintiff who includes a claim alleging fraudulent activity must plead the underlying facts with particularity under Fed. R. Civ. P. 9(b)'s heightened pleading requirement. "[A]t a minimum, . . . plaintiffs [must] support their allegations . . . [with] the who, what, when, where and how of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006) (internal quotation marks omitted).

In ruling on a motion to dismiss, the court may consider the allegations, attachments to the complaint, and any documents that form the basis of the claim. *Mayer v. Belichick*, 605 F.3d 223, 229–30 (3d Cir. 2010).  If those documents contradict the allegations that form the basis for the claims, the court need not accept the allegations as true.  *Fabricatore v. ADT LLC*, No. CV 16-916 (FLW)(DEA), 2018 WL 3696581, at *5 (D.N.J. Aug. 3, 2018); *Ciccone v. World Sav. Bank, F.S.B.*, No. 3:12-CV-01661-PGS, 2013 WL 2146912, at *12 (D.N.J. May 15, 2013).

## ARGUMENT

## I.  PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF EXPRESS WARRANTY (COUNT II)

Plaintiff's express warranty claim (Count II) must be dismissed because he does not allege, as he was required to, that he ever notified SEA within the warranty period that his television malfunctioned.  Both the express terms of the Limited Warranty and Section 12A:2-607 of the Uniform Commercial Code ("UCC") required Plaintiff to give such notice as a prerequisite to bringing his express warranty claim.  In fact, had Plaintiff provided such notice when he learned of the alleged defect in his television, SEA's warranty provided him with a full remedy: "repair or replace[ment]" of the defective television.  *See* Heal Decl., Ex. 1 at 19.   Plaintiff's failure to take any action to alert SEA for well over a year requires dismissal.  Beyond that, Plaintiff's statements about the warranties

provided by SEA are factually incorrect—the Limited Warranty does not come

close to making the promises Plaintiff alleges—and too vague to state a plausible

claim under Rule 8.

> **A.  New Jersey and New York Law Are Equivalent in Key Respects and Both Mandate Dismissal of Plaintiff's Express Warranty Claim; To the Extent They Conflict at All, New York Law Would Apply**

To determine which law applies to a claim, federal courts use the choice-of-

law analysis in the state in which they sit. *Aliments Krispy Kernels, Inc. v. Nichols*

*Farms*, 851 F.3d 283, 289 (3d Cir. 2017).  Here, that analysis first requires a

determination of whether the law in the two jurisdictions differs.  *Id.*  Where there

is a conflict, the court identifies the state with the most significant relationship[2] and

applies that state's law.  *Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 180

(3d Cir. 2014); *Feldman v. Mercedes-Benz USA, LLC*, No. 2:11-CV-00984 WJM,

2012 WL 6596830, at \*5 (D.N.J. Dec. 18, 2012).

With regard to the deficiencies of Plaintiff's express warranty claim, New

York and New Jersey law are the same, and both would mandate dismissal.[3]

---

[2] Section 188 of the Restatement (Second) of Conflict of Laws, which New Jersey uses for breach of warranty claims, weighs "(1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Feldman*, 2012 WL 6596830, at \*8 (quoting Restatement (Second) of Conflict of Laws § 188).

[3] Both states require Plaintiff to show that an express warranty existed, that the warranty was breached, and that Plaintiff was damaged.  And importantly, both

(footnote continued)

However, to the extent that the court concludes there is a conflict because certain limited aspects of the two states' warranty laws conflict—aspects that are unrelated to the deficiencies of Plaintiff's claims—New Jersey's choice-of-law rules dictate that New York law applies because it has a more significant relationship to those facts. Plaintiff resides in New York, *see* Compl. ¶ 5, he made his purchase in New York, *see id.*, and he obtained the Limited Warranty in New York. In contrast, the location of SEA's headquarters in New Jersey is the only contact with this state. *See id.* ¶ 6. Applying New York law will lead to the same result as New Jersey law because any differences between them are immaterial to the express warranty claim in this case.

---

states also require pre-suit notice to the seller under UCC § 12A:2-607. *Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 257 (E.D.N.Y. 2014); *Cafaro v. Emergency Servs. Holding, Inc.*, 782 N.Y.S.2d 806, 808–09 (App. Div. 2004); *Miller v. Samsung Elecs. Am., Inc.*, No. CIV.A. 14-4076, 2015 WL 3965608, at *14 (D.N.J. June 29, 2015) (stating that New Jersey's version of the UCC requires statutory notice to the seller as a "condition precedent to filing any suit for breach of warranty"). Plaintiff's claims fail under these shared elements. However, unlike New Jersey, New York does not have a specific element relating to the claimant's performing his own obligations, and New Jersey law does not include an element of reliance. *See In re Tropicana Orange Juice Mktg. & Sales Practices Litig.*, No. CV 2:11-07382, 2018 WL 497071, at *6 (D.N.J. Jan. 22, 2018) (comparing express warranty laws of New York, New Jersey, and California, and differentiating based on New York's reliance element); *compare Gould v. Helen of Troy Ltd.*, No. 16 CIV. 2033 (GBD), 2017 WL 1319810, at *5 (S.D.N.Y Mar. 30, 2017) (listing elements of New York breach of express warranty claim), *with Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (listing elements for breach of contract claim under New Jersey law).

## B.  Plaintiff's Failure to Allege Pre-Suit Notice Requires Dismissal

Plaintiff does not allege that he notified SEA or the seller (Best Buy) about the defect in his television during the warranty period or at any time until filing this suit almost two years after his purchase.  But Section 12A:2-607 of the UCC, adopted by New York, explicitly requires such notice.

UCC Section 2-607(3)(a) states that a "buyer must within a reasonable time[4] after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."  N.Y. U.C.C. Law § 2-607(3)(a).  Compliance with this requirement cannot be pled in conclusory fashion; it must, at least, be supported by the date and method of the notice.  *Petrosino v. Stearn's Prods., Inc.*, No. 16-CV-7735 (NSR), 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018) (dismissing breach of warranty claim because the complaint's allegation that plaintiff "placed Defendant on notice" failed to describe any supporting facts for such alleged notice).  Plaintiff's Complaint alleges no notice at all.

Courts applying New York law have routinely dismissed breach of express warranty claims for plaintiffs' failure to notify the manufacturer of a problem or to seek repairs before the time period of the written warranty has elapsed.[5]  *See, e.g.*,

---

[4] Courts have found a sixteen-month delay "untimely as a matter of law."  *Cafaro*, 782 N.Y.S.2d at 808.

[5] Similarly, courts in this district have held that Section 2-607 bars suits alleging breach of express warranty under New Jersey law if, as in this case, notice is not

(footnote continued)

*Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986) ("[T]he general rule is that an express warranty does not cover repairs made after the applicable time . . . periods have elapsed."); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 227 (S.D.N.Y. 2015) (dismissing express warranty claims of plaintiffs whose cars experienced problems after the number of miles or time period warranted); *Hole v. Gen. Motors*, 442 N.Y.S.2d 638, 641 (App. Div. 1981) (dismissing breach of warranty claim where plaintiff "never presented [defendant] with the opportunity to comply with the express warranty").

Here, the Limited Warranty states: "To receive warranty service, the purchaser must contact SAMSUNG for problem determination and service procedures."  Heal Decl., Ex. 1 at 19.  But at no point in his Complaint does Plaintiff allege that: (a) he contacted SEA about this alleged problem before filing this lawsuit; (b) he contacted SEA within the one-year warranty period; or (c) SEA failed to fix the problem after he contacted SEA.  As a result, Plaintiff's claim necessarily fails as a matter of warranty law, and is barred under UCC § 12A:2-607.

---

provided.  *Hammer v. vital Pharm., Inc.*, 2012 WL 1018842 at *10–11 (D.N.J. Mar. 26, 2012) (dismissing claims where plaintiff failed to plead pre-suit notice of a breach and offered no excuse for his failure to do so).

## C.  The Limited Warranty Does Not Provide the Warranties Alleged by Plaintiff

Aside from his failure to comply with the express terms of the Limited Warranty, Plaintiff makes a valiant effort to obfuscate them entirely.  Indeed, Plaintiff devotes just two sentences of his seventeen-page Complaint to the Limited Warranty:

> 29. In connection with the sale of the Samsung LED TVs, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the Products were free from defects and capable of performing their stated purpose.
>
> . . .
>
> 35. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller expressly warranted that the Samsung LED TVs were fit for their intended purpose in that they would function properly as television sets.

Compl. ¶¶ 29, 35.  Although he references these purported "written warranties," he neither provides nor pleads them, nor does he give any indication of their source, or the effective date.  This key omission is fatal.  *See Barrett v. Black & Decker (U.S.) Inc.*, No. 06 CIV. 1970(SCR)MDF, 2008 WL 5170200, at *12 (S.D.N.Y. Dec. 9, 2008) (dismissing breach of express warranty claim where plaintiff did "not identify the terms" of the warranty and provided only "conclusory allegation[s]" that the product "was safe").

A plaintiff's failure to provide any detail of the alleged warranty at issue is, by itself, grounds for dismissal.  *See*, *e.g.*, *Cordova v. Smith & Nephew, Inc.*, No.

14-CV-351 JFB ARL, 2014 WL 3749421, at *8 (E.D.N.Y. July 30, 2014)

(dismissing allegations that defendant warranted the product "would be safe to

use" because they were too conclusory and failed to provide details about the

warranty terms (internal quotation marks omitted)); *Prue v. Fiber Composites,*

*LLC*, No. 11-CV-3304 ERK LB, 2012 WL 1314114, at *10 (E.D.N.Y. Apr. 17,

2012) (dismissing breach of warranty claim where plaintiff alleged "at a high order

of abstraction" that defendants had expressly warranted their products to be free

from defects, reasonably safe, and fit for their intended use).  A complaint alleging

breach of an express warranty must include the provisions of the warranty on

which the claim is based.  *Barrett*, 2008 WL 5170200, at *12.

Plaintiff's failure to plead the actual warranty terms upon which he claims to

rely is entirely understandable: the Limited Warranty, on its face, contradicts

Plaintiff's allegations.  In fact, the Limited Warranty expressly warrants only

"against manufacturing defects in materials and workmanship for [a] period of"

one year.  Heal Decl., Ex. 1 at 19.  That is not a promise by SEA that nothing will

ever go wrong, as Plaintiff strongly implies.  Such a promise, of course, would be

absurd because consumer products, including electronics, sometimes malfunction.

Instead of warranting that the television is "free from defects" as Plaintiff claims,

Compl. ¶ 29, the Limited Warranty states that "SAMSUNG *does not warrant*

*uninterrupted or error-free operation* of the product."  Heal Decl., Ex. 1 at 19

(emphasis added).  Indeed, the prospect of malfunction is the very reason why written warranties exist:  to set forth the terms of repair or replacement if and when a product does not perform as intended.  Here, the Limited Warranty expressly promises that if such a problem *does* arise within one year of purchase, SEA will "repair or replace" the TV at no cost to the purchaser.  *Id*.

In addition, the warranty explicitly emphasizes in uppercase letters, that "THERE ARE NO EXPRESS WARRANTIES OTHER THAN THOSE LISTED AND DESCRIBED ABOVE."  *Id*. at 20.  That language is clear, unambiguous, and easy to find, read, and identify.

Accordingly, Plaintiff's breach of express warranty claim must be dismissed. *See Barrett*, 2008 WL 5170200, at *12.

## II.  PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM MUST BE DISMISSED FOR LACK OF PRIVITY AND BECAUSE SUCH WARRANTIES WERE DISCLAIMED (COUNT III)

Plaintiff's breach of implied warranty claim fails for two reasons.  First, there was no privity between Plaintiff and SEA, a necessary element of an implied warranty claim.  Second, SEA's Limited Warranty explicitly disclaimed any implied warranties.

Applying the same choice-of-law analysis set forth above, New York law applies to the implied warranty claim because New Jersey and New York laws differ—unlike New Jersey, New York requires privity between the parties.

*Compare Gould*, 2017 WL 1319810, at *5 (dismissing breach of implied warranty claim because plaintiff purchased from Kmart, not directly from defendant manufacturers), *with Cooper v. Samsung Elecs. Am., Inc.*, No. CIV.A.07-3853 JLL, 2008 WL 4513924, at *2 (D.N.J. Sept. 30, 2008), *aff'd*, 374 F. App'x 250 (3d Cir. 2010).  Here, given the more significant New York contacts, New York law should apply.  *See* section I.A., *supra*.

Plaintiff admits that he bought his television from Best Buy, and not directly from SEA.  *See* Compl. ¶ 5.  With no privity between SEA and Plaintiff,  New York law bars Plaintiff's breach of implied warranty claim.  *See Gould*, 2017 WL 1319810, at *5.

Plaintiff's claim fails for an additional reason:  New York law permits the disclaimer of implied warranties as long as express warranties do so with conspicuous language.  N.Y. U.C.C. § 2-316(2); *Demorato v. Carver Boat Corps.*, No. CIV.A.06 240 JAP, 2007 WL 1456207, at *6 (D.N.J. May 16, 2007), *aff'd sub nom.*, 304 F. App'x 100 (3d Cir. 2008) (applying New York law to deny a claim for breach of implied warranty where the disclaimer in capital letters disclaimed any warranty of merchantability); *Maltz v. Union Carbide Chems. & Plastics Co.*, 992 F. Supp. 286, 304 (S.D.N.Y. 1998) ("It is well-settled that under New York law, parties to a contract may exclude or modify implied warranties so long as the warranty disclaimer is conspicuous and specific.").  Here, the Limited Warranty

explicitly stated that "THERE ARE . . . NO WARRANTIES WHETHER
EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY
IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A
PARTICULAR PURPOSE."  Heal Decl., Ex. 1 at 20.  The warranty also
disclaimed "error-free operation of the product."  *Id.* at 19.  In light of those
explicit disclaimers, Plaintiff's breach of implied warranty claim cannot proceed
and must be dismissed.

## III. PLAINTIFF'S MAGNUSON-MOSS WARRANTY ACT CLAIM SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO STATE A PLAUSIBLE BREACH OF WARRANTY CLAIM (COUNT I)

The Magnuson-Moss Warranty Act of 1975, 15 U.S.C. § 2301–12
("MMWA"), permits suit by a consumer claiming to be "damaged by the failure of
a supplier, warrantor, or service contractor to comply with any obligation under . . .
a written warranty, implied warranty, or service contract."  15 U.S.C. § 2310(d)(1).
As a result, it is well settled that a claim under the MMWA "is derivative of
Plaintiffs' state law claim of breach of . . . warranty."  *Glauberzon v. Pella Corp.*,
No. CIV.A. 10-5929 JLL, 2011 WL 1337509, at *4 (D.N.J. Apr. 7, 2011).  If the
court dismisses express and implied warranty claims, it must do the same with
claims based on the MMWA.  *Neuss v. Rubi Rose, L.L.C.*, No.
CV162339MASLHG, 2018 WL 445432, at *4 (D.N.J. Jan. 16, 2018); *see also,
e.g.*, *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010)

(dismissing plaintiff's MMWA claim "based upon his [dismissed] state law claims of breach of express and implied warranties").  Accordingly, because Plaintiff does not assert a viable state law warranty claim for the reasons set forth above, his Magnuson-Moss warranty claim must similarly be dismissed.

Plaintiff's MMWA claim also fails because he did not give SEA an opportunity to cure the alleged defect before bringing suit.  *See In re: Elk Cross Timbers Decking Mktg.*, No. 2577, 2015 WL 6467730, at *34 (D.N.J. Oct. 26, 2015) (plaintiffs cannot bring MMWA actions "until the warrantor is given the opportunity to cure the violation" (internal quotation marks omitted)).  As a result, this Court has dismissed MMWA claims in putative class actions where no opportunity to cure was alleged.  *See, e.g.*, *id.*; *Greene v. BMW of N. Am.*, No. CIV. 2:11-04220 WJM, 2013 WL 5287314, at *5 (D.N.J. Sept. 17, 2013) (dismissing MMWA claim because plaintiff "did not allege that he brought his Tires to an authorized Bridgestone retailer" to be fixed).

## IV.  PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT (COUNT IV)

Plaintiff's claim for unjust enrichment fails because (1) the parties' dispute is governed by an express contract in the form of the Limited Warranty, and (2) any alleged benefit conferred by Plaintiff was to Best Buy, from whom he purchased his television, and not to SEA.

19

First, Plaintiff's unjust enrichment claim fails because his claims are based on contract and tort law. Under New Jersey law,[6] "[r]estitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law." *Premier Pork L.L.C. v. Westin, Inc.*, No. CIV.A. 07-1661, 2008 WL 724352, at *13 (D.N.J. Mar. 17, 2008). It is thus well settled that, "[w]here there is an express contract covering the identical subject matter of the claim, plaintiff cannot pursue a quasi-contractual claim for unjust enrichment . . . ." *All Seasons Home Improvement Co. v. Arch Concept Constr., Inc.*, No. CV 16-751(FLW), 2018 WL 3928787, at *8 (D.N.J. Aug. 16, 2018) (alteration in original) (internal quotation marks omitted); *see also, e.g., St. Matthew's Baptist Church v. Wachovia Bank Nat'l Ass'n*, No. CIV.A. 04-4540 (FLW), 2005 WL 1199045, at *7 (D.N.J. May 18, 2005) (dismissing unjust enrichment claim where "an express contract cover[ed] the identical subject matter of the claim"); *Winslow v. Corp. Express, Inc.*, 364 N.J. Super. 128, 144 (App. Div. 2003) ("In light of this express contract, there is no basis or need for plaintiff to pursue a quasi-contractual claim for unjust enrichment.").

---

[6] As an initial matter, New Jersey's choice-of-law analysis requires the application of New Jersey law to the unjust enrichment claim because there is no actual conflict between the laws of New York and New Jersey. *See MZL Capital Holdings, Inc. v. TD Bank, N.A.*, No. 14-CV-05772 RMB/AMD, 2015 WL 4914695, at *9 (D.N.J. Aug. 18, 2015) (applying New Jersey law to unjust enrichment claim after finding no conflict between New Jersey and New York law).

Similarly, "quasi-contract theories cannot be pleaded in the alternative absent a claim that the contract is invalid." *Hatteras Press, Inc. v. Avanti Comput. Sys. Ltd.*, No. CV 16-5420 (MLC), 2017 WL 2838349, at *5 (D.N.J. June 30, 2017). This Court has thus held that, where, as here, "Plaintiff's theory of recovery is based on the assertion that it was misled by Samsung as to the fitness of the [device] and that as a result of Samsung's tortious conduct, Plaintiff is allowed to recover damages," the claim must be dismissed because it "sound[s] in tort." *Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*, No. CIV. 08-5380 (JLL), 2009 WL 4730187, at *7 (D.N.J. Dec. 3, 2009).

Here, it is undisputed that the purchase of Plaintiff's television was accompanied by a valid Limited Warranty, which dictates SEA's obligations and the consumer's rights. Plaintiff does not challenge the warranty's validity, which provided him a remedy within the one-year period. *See* Heal Decl., Ex. 1 at 19. The presence of this valid, unrescinded contract is fatal to his claim because he possesses an adequate remedy at law. *See Hatteras Press*, *Inc.*, 2017 WL 2838349, at *5; *Premier Pork L.L.C.*, 2008 WL 724352, at *13.

Plaintiff's claim also sounds in tort, because he alleges he was "misled by Samsung as to the fitness of the [television]," and, as such, he may not recover damages under an unjust enrichment theory. *Warma Witter*, 2009 WL 4730187, at *7; *see also, e.g.*, *E. Coast Office Sys., Inc. v. Citicorp Vendor Fin., Inc.*, No. CIV.

06-24 (GEB), 2006 WL 3257091, at *6 (D.N.J. Nov. 9, 2006) (dismissing unjust

enrichment claim where plaintiff "allege[d] only that, '[a]s a result of Defendant's

unconscionable commercial practices and its suppression and concealment of

material information, . . . Defendant has been unjustly enriched by the receipt of

monies wrongfully obtained from Plaintiff and Class Members'" (second and third

alterations in original)).

It is of no moment that plaintiff's warranty and tort claims are meritless.

The availability of an unjust enrichment theory does not turn on whether a plaintiff

will ultimately succeed on such legal claims. *See, e.g.*, *Smith v. CitiMortgage,*

*Inc.*, No. CV 15-7629 (JLL), 2016 WL 8673066, at *6, *7 (D.N.J. Aug. 5, 2016).

Rather, if the gravamen of plaintiff's alleged injury sounds in contract or tort, he

may not seek relief based on the equitable doctrine of unjust enrichment.

Second, Plaintiff's unjust enrichment claim must be dismissed because he

bought his television from Best Buy and not from SEA. *See* Compl. ¶ 5.  The law

is settled that an indirect purchaser like Plaintiff cannot succeed on a claim for

unjust enrichment. *Avram v. Samsung Elecs. Am., Inc.*, No. CIV. 2:11-6973 KM,

2013 WL 3654090, at *21 (D.N.J. July 11, 2013).  "When an

individual purchases a consumer product from a third-party store and not the

manufacturer, the purchaser has not conferred a benefit directly to the

manufacturer such that the manufacturer could be found to have been unjustly

enriched." *Oliver v. Funai Corp.*, No. 14-CV-04532, 2015 WL 3938633, at *13 (D.N.J. June 25, 2015); *see, e.g.*, *id.* ("[A]lthough Plaintiffs allege that Funai Corp was unjustly enriched through the purchase of the television, there was no relationship conferring any direct benefit on Funai Corp through these purchases, as the purchases were through retailers."); *Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) ("Since Plaintiffs have failed to allege that they purchased the Products directly from Defendants, they cannot rightfully expect any remuneration from Defendants, since they never directly conferred a benefit on Defendants.").[7]

Last, it is worth noting that Plaintiff cannot claim that SEA was unjustly enriched for retaining any alleged benefit associated with his purchase of the TV, when he does not claim that he ever sought to exercise the one-year Limited Warranty that accompanied his television and covered precisely this very claim.  If Plaintiff's theory were correct, every malfunctioning consumer product would subject the manufacturer to a claim for unjust enrichment, even if it offered to

---

[7] The unjust enrichment claim should be dismissed for the additional reason that it fails to plead with particularity under the heightened pleading standard of Rule 9(b).  *See Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 86 (3d Cir. 2015) ("[A]ll of Plaintiffs' claims alleging fraudulent activity—i.e., Plaintiffs' claims for intentional and negligent misrepresentation, unjust enrichment and an injunction—must be pled with sufficient particularity under Rule 9(b).").  The same rationale applies to the inadequacy of Plaintiff's claims concerning SEA's alleged fraudulent conduct and the relevant analysis is explored more fully below in section V.

correct the problem at its own expense.  Only 100% perfect products would be saleable.  That result is patently absurd and is not the law.  "The key words are Enrich and Unjustly."  *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 109 (App. Div. 1966).  Plaintiff can hardly claim either when his own inaction is the only reason he continues to possess a purportedly malfunctioning television.

## V.   PLAINTIFF FAILS TO PLEAD A FRAUD CLAIM (COUNT VII)

Plaintiff fails to plead a viable fraud claim for two reasons.  First, Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead the circumstances constituting alleged fraudulent conduct with particularity.  But Plaintiff's vague and conclusory allegations that SEA defrauded him by knowingly selling him a defective television fail to satisfy that heightened pleading standard. Second, Plaintiff fails to plead any causal nexus between SEA's alleged conduct and his claimed harm.

### A.  Plaintiff Fails to Plead Fraud with Particularity Under Rule 9(b)

To withstand a motion to dismiss under Rule 9(b), the Third Circuit "requires, at a minimum, that plaintiffs support their allegations . . . [with] the who, what, when, where and how of the events at issue," *Suprema Specialties*, 438 F.3d at 276 (internal quotation marks omitted), including "the date, time and place of the alleged fraud," or some other "measure of substantiation," *Frederico v. Home*

*Depot*, 507 F.3d 188, 200 (3d Cir. 2007).[8]  In other words, "Rule 9(b) requires a

plaintiff to plead (1) a specific false representation of material fact; (2) knowledge

by the person who made it of its falsity; (3) ignorance of its falsity by the person to

whom it was made; (4) the intention that it should be acted upon; and (5) that the

plaintiff acted upon it to his [or her] damage."  *Suprema Specialties*, 438 F.3d at

270 (alteration in original) (internal quotation marks omitted); *see also In re

Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)

(explaining that "Rule 9(b) requires plaintiffs to identify the source of the allegedly

fraudulent misrepresentation or omission"); *Millman v. Subaru of Am., Inc.*, No.

CIV.A. 07-4846 (JLL), 2008 WL 623032, at *4 (D.N.J. Mar. 6, 2008) (same).

 These heightened pleading requirements "serve[] important objectives" of

giving "defendants notice of the claims against them, provid[ing] an increased

---

[8] When evaluating state law claims, federal courts apply the forum's procedural law, but the relevant state's substantive law.  *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  Thus, Third Circuit law applies here to analyze Plaintiff's compliance with Rule 9(b), even though New York law applies to his substantive fraud claim. New York law applies to the substance of Plaintiff's state law fraud claim because an actual conflict exists between New York's economic loss rule, which appears to bar claims of fraud, and New Jersey's, which does not, *compare Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 415–16 (S.D.N.Y. 2013), *and Orlando v. Novurania of Am., Inc.*, 162 F. Supp. 2d 220, 225–26 (S.D.N.Y. 2001), *with Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, No. CV1713544WHWCLW, 2018 WL 4144683, at *14 (D.N.J. Aug. 29, 2018), *and Longo v. Envtl. Prot. & Improvement Co., Inc.*, No. 216CV09114JLLJAD, 2017 WL 2426864, at *6 (D.N.J. June 5, 2017), and because New York has the most significant relationship to Plaintiff's claim.

measure of protection for their reputations, and reduc[ing] the number of frivolous suits brought solely to extract settlements." *Rockefeller*, 311 F.3d at 216 (internal quotation marks omitted). In recognition of this purpose, the Third Circuit has held that, "even when the defendant retains control over the flow of information, *boilerplate and conclusory allegations will not suffice*." *Id.* (internal quotation marks omitted). Although pleading of a defendant's knowledge "must meet the 'less rigid—though still operative—strictures of Rule 8,'" it still requires "more than a 'conclusory allegation,'" *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 F. App'x 94, 103 n.15 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 686–87), and a showing of the plaintiff's "basis for inferring that the defendants acted with 'scienter,'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997).

The Complaint in this case falls far short of those requirements. Plaintiff merely contends that SEA engaged in fraud by "provid[ing] Plaintiff and Class members with false or misleading material information and fail[ing] to disclose material facts about the Samsung LED TVs, including but not limited to the fact that they are defectively designed and prone to overheating, thus rendering them worthless." Compl. ¶ 69. Plaintiff, however, fails to describe with any degree of detail where or when SEA provided such information. He does not identify the particular false or misleading statements, where and when such statements were

made, where and when they were delivered to Plaintiff, or by whom.  He also does not identify any particular advertising materials used by SEA to sell the televisions, nor allege any interactions he had with SEA's agents.  *See Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, No. CIV.A. 11-4429 JLL, 2012 WL 1574301, at *18 (D.N.J. May 3, 2012), *aff'd*, 525 F. App'x 94 (3d Cir. 2013).  Plaintiff's failure to set forth, "at a minimum, . . . the who, what, when, where and how of the events at issue" that constitute the alleged fraud is thus fatal to his claim.  *See Suprema Specialties*, 438 F.3d at 276 (internal quotation marks omitted).

In addition, Plaintiff pleads no facts showing that he relied on any SEA action in purchasing his television.  Although Plaintiff alleges generally that "Defendant provided Plaintiff and Class members with false or misleading material information" with "inten[t] to induce" Plaintiff to purchase a Samsung LED TV, Compl. ¶¶ 69–70, and that he was "actually induced" to do so, *id.* ¶ 70, "he does not include any specific statements made to him prior to" November 24, 2016, when he purchased his television, *see David v. Volkswagen Grp. of Am., Inc.*, No. CV 17-11301-SDW-CLW, 2018 WL 1960447, at *7 (D.N.J. Apr. 26, 2018).  And while Plaintiff alleges that he "relied on Defendant's representation," *see* Compl. ¶ 5, "he does not name an individual, provide a date or location of a conversation, or identify any specific statement that affected his decision to purchase," *see David*, 2018 WL 1960447, at *7.  Thus, "Plaintiff's allegation[s] [are] merely a

recitation of the elements of common law fraud" and are therefore "insufficient to raise Plaintiff's right to relief above the speculative level." *Hoffman v. DSE Healthcare Sols., LLC*, No. CIV.A. 13-7582 JLL, 2014 WL 2119753, at *4 (D.N.J. May 21, 2014).

Further, Plaintiff alleges that SEA made such misrepresentations and omissions "with knowledge of their falsehood," and SEA "has been aware . . . since at least 2015" that these televisions are "defect[ive]." Compl. ¶¶ 15, 69. But these allegations are precisely those that the Third Circuit has decried as "*boilerplate and conclusory*," which do not suffice in pleading a defendant's knowledge. *See Rockefeller*, 311 F.3d at 216. Plaintiff relies only "upon information and belief" for his scienter allegations and fails to specify with any detail how or when SEA acquired such knowledge. *See* Compl. ¶ 15. Plaintiff identifies no underlying factual basis for his assertion that SEA "has been aware . . . since at least 2015" of the purported defect in his television or any other. *Id.*

In an effort to plead SEA's knowledge, and to mask the insufficiency of his Complaint, Plaintiff attaches five undated, unverified partial photographs of what appear to be damaged screens, and what purport to be a series of unverified, undated, and unattributed consumer complaints about Samsung LED televisions overheating, which he claims were "submitted . . . to Samsung and the Consumer Product Safety Commission." *Id.* ¶ 12. But these vague allegations cannot save

28

Plaintiff's pleading.  No date or identifying information is offered for any of the photographs or alleged "online consumer complaints."  *See id.* ¶ 13  None of the images reveal that the photographed malfunctioning screens (1) are of the same model or even same series as Plaintiff's television, (2) are of the other Samsung model LED televisions which Plaintiff claims are defective, or (3) that these screens are of Samsung televisions, or indeed televisions at all.  The same is generally true of the purported consumer complaints, almost none of which indicate that they relate to Samsung LED televisions.

Nor does the Complaint allege the dates on which the purported consumer complaints were generated, let alone when SEA allegedly received or learned about them.  Even when viewed in the light most favorable to Plaintiff, in the absence of these very basic hallmarks, none of these photographs or purported unverified consumer complaints create a plausible inference that SEA was on notice of any relevant consumer complaints before November 24, 2016, when Plaintiff purchased his television.  *See David*, 2018 WL 1960447, at *7 ("Plaintiff's allegations that Defendant was on notice of defects because of consumer complaints, a letter to the National Highway and Transportation and Safety Administration, and a recall of the Volkswagen Beetle, fail to support his claim because these events do not involve the 2014 Touareg and/or occurred after Plaintiff made his purchase." (citation omitted)); *Stevenson v. Mazda Motor of*

*Am., Inc.*, No. 14-5250 FLW DEA, 2015 WL 3487756, at *7 (D.N.J. June 2, 2015)

(dismissing claim that Mazda failed to inform plaintiff of a defect where the

"complaints were all made well after Plaintiff purchased his vehicle," and plaintiff

did "not sufficiently allege[] that Mazda was aware of the defect in *his car*."

(emphasis added)); *Gotthelf*, 2012 WL 1574301, at *18 (dismissing claims alleging

failure to disclose defect when alleged complaints were made "after Plaintiff

purchased the Class Vehicle at issue and entered into the warranty agreement with

Toyota," and defendant was only notified of a "full investigation" after plaintiff's

purchase).  Indeed, Plaintiff does not even allege that SEA was aware of these

images or purported consumer complaints prior to the date that he purchased his

television.[9]

Plaintiff's fraud claim is pled in such a bare and conclusory fashion that it is

doubtful it could even withstand review under Rule 8(a)'s more relaxed pleading

standard.  Because Plaintiff fails to plead his claim of fraud with the degree of

particularity necessary under Rule 9(b), it should be dismissed.

---

[9] Notably, Plaintiff is attempting to represent a class of purchasers dating back to 2012.  But his conclusory allegation claims that SEA learned of the alleged defect only in 2015, and he does not allege in the Complaint that the purported defect was present in his or any other Samsung television model as early as 2012.

### B. Plaintiff's Fraud Claim Fails Because He Cannot Establish that SEA's Alleged Conduct Was a Proximate Cause of Any Claimed Harm

To state a claim for fraud under New York law, "a plaintiff must demonstrate that the defendant's conduct proximately caused her economic harm." *Kaye v. Grossman*, 202 F.3d 611, 614 (2d Cir. 2000). But Plaintiff cannot do so here. Plaintiff's television was accompanied by a Limited Warranty against "manufacturing defects in materials and workmanship" for parts and labor for a period of one year "begin[ning] on the original date of purchase." *See* Heal Decl., Ex. 1 at 19. The Limited Warranty further provided that "SAMSUNG does not warrant uninterrupted or error-free operation of the product." *Id.* By Plaintiff's own allegations, manifestation of the alleged defect in his television occurred during the warranty period, yet he declined to exercise the warranty and obtain this service to which he was entitled. *See* Compl. ¶ 5. Had Plaintiff done so, he would have received "repair or replace[ment]" of his television "at no charge." Heal Decl., Ex. 1 at 19.

Thus, Plaintiff's choice to forgo warranty service on his television was the cause of his claimed harm. He does not and cannot plead a proximate causal nexus

between SEA's alleged conduct and his claimed harm of possessing a

malfunctioning television, Plaintiff's fraud claim should be dismissed.[10]

## VI.   PLAINTIFF'S NEW YORK GENERAL BUSINESS LAW CLAIMS ARE INSUFFICIENTLY PLED AND MUST BE DISMISSED (COUNTS V AND VI)

Sections 349 and 350 of New York's General Business Law ("GBL"),

respectively, prohibit "[d]eceptive acts or practices in the conduct of any business,

trade or commerce or in the furnishing of any service in this state" and materially

misleading advertising.  N.Y. Gen. Bus. Law §§ 349(a), 350.  To recover under

GBL § 349, a plaintiff must prove "that a defendant has engaged in (1) consumer-

oriented conduct that is (2) materially misleading and that (3) plaintiff suffered

injury as a result of the allegedly deceptive act or practice."  *Kommer v. Bayer*

*Consumer Health*, 252 F. Supp. 3d 304, 310 (S.D.N.Y. 2017) (quoting *Orlander v.*

*Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015)).  While GBL § 350 relates

specifically to false advertising, "[t]he standard for recovery under [NYGBL]

§ 350 . . . is otherwise identical to section 349."  *Garcia*, 127 F. Supp. 3d at 239

(first and second alterations in original) (internal quotation marks omitted).  That

---

[10] Plaintiff's fraud claim is also barred by New York's economic loss rule, which limits remedies of a product purchaser to damages sounding in contract.  *See, e.g.*, *Kalimantano*, 939 F. Supp. 2d at 415–16; *Orlando*, 162 F. Supp. 2d at 225–26; *see also Key Int'l Mfg., Inc. v. Morse/Diesel, Inc.*, 536 N.Y.S.2d 792, 793 (App. Div. 1988) (observing that New York's economic loss rule "has always been that a product owner has no tort remedy for economic losses, as distinguished from personal injury or property damage, against a product manufacturer").

is, the touchstone for liability under both statutes is whether the defendant was deceptive or engaged in misleading conduct.  In addition, for GBL § 350 claims, a plaintiff must also show "proof of actual reliance."  *Tomasino*, 44 F. Supp. 3d at 257.

In addition, the case law is clear that claims like Plaintiff's based on Sections 349 and 350 cannot survive in the absence of facts plausibly establishing that the defendant's actions were misleading.  *Id*.  Where, as here, a complaint provides no detail about deceptive or misleading statements or advertising, courts have dismissed claims under GBL § 349.  "[G]eneral references to advertisements and statements will not be sufficient to allege a deceptive act or practice."  *Woods v. Maytag Co.*, No. 10-CV-0559 ADS WDW, 2010 WL 4314313, at *13, 16 (E.D.N.Y. Nov. 2, 2010) (dismissing GBL § 349 claim because it alleged only that advertisement said "that consumers could safely use the product for the purpose of cooking" without specifying or quoting the advertisement (internal quotation marks omitted)); *Tomasino*, 44 F. Supp. 3d at 258 (plaintiff's assertion that the "Products do not and cannot live up to the efficacy claims" was not sufficient to allege misrepresentation under GBL §§ 349 and 350); *Dixon v. Ford Motor Co.*, No. 14-CV-6135 JMA ARL, 2015 WL 6437612, at *7–8 (E.D.N.Y. Sept. 30, 2015) (dismissing claims when complaint alleged that the defendant's warranty contained misrepresentations but did not specify any deceptive statements).

Here, Plaintiff similarly provides no detail about the content of SEA's advertisements, which he claims were misleading.  Plaintiff vaguely refers to the "foregoing advertising," without having once discussed any advertising at all, let alone specific advertisements.  Compl. ¶ 63.  Similarly, Plaintiff alleges that SEA's deceptive acts misled consumers into believing that the televisions were "fit for their intended use" without any support.  *Id.* ¶ 55.

Further, the express disclaimer in the Limited Warranty defeats Plaintiff's claims of deception.[11]  *Kommer*, 252 F. Supp. 3d at 311.  In *Kommer*, the plaintiff alleged that Dr. Scholl's foot insert kiosks misleadingly suggested that the insoles received were "the functional equivalent of prescribed" orthotics.  *Id.* at 312.  A disclaimer on the kiosk in a reasonable sized font stated the kiosk "does not diagnose medical conditions.  It is not intended to take the place of your podiatrist."  *Id.* (internal quotation marks omitted).  The court dismissed the claims under GBL §§ 349 and 350 because the plaintiff did not specify how, when, or where the defendants marketed their inserts as the functional equivalent to prescription orthotics, or how the disclaimer was inadequate.  *Id.*  Similarly, in *Preira v. Bancorp Bank*, the court dismissed these claims where all of the terms of

---

[11] The question whether a statement is misleading is an objective one that can be determined on a motion to dismiss.  *Kommer*, 252 F. Supp. 3d at 311.

a gift card "were fully disclosed to Plaintiff before she engaged in her first transaction." 885 F. Supp. 2d 672, 680 (S.D.N.Y. 2012).

The same principles apply here. The Limited Warranty that came with Plaintiff's TV specifically disclaimed that the television would be "error-free," instead, providing an opportunity for repair in the case of a defect. *See* Heal Decl., Ex. 1 at 19. Like the language on the kiosk in *Kommer*, the Limited Warranty gave Plaintiff clear and express notice of that language. Plaintiff's bare and conclusory allegations warrant dismissal.

Separately, to the extent Plaintiff's damages are based on his assertion that he would not have purchased the television had he known about the malfunction, this is not a cognizable basis for relief, and such claims must be dismissed. New York courts have consistently rejected the argument that a consumer "who bought [a] product he would not have purchased absent seller's deceptive commercial practices suffered injury." *See, e.g.*, *Preira*, 885 F. Supp. 2d at 676; *Baron v. Pfizer, Inc.*, 840 N.Y.S.2d 445, 448 (App. Div. 2007) (rejecting plaintiff's claim "seek[ing] a refund of the purchase price of Neurontin on the ground that she would not have purchased the drug absent defendant's deceptive practices"). Instead, in order to survive a motion to dismiss, a complaint must contain more particulars, such as alleging that the price of the product was inflated as a result of the misleading advertisements or claims. *See Baron*, 840 N.Y.S.2d at 448.

Here, Plaintiff asserts that he was injured because he "would not have purchased the Products on the same terms if the true facts concerning their defective nature and propensity to overheat had been known."  Compl. ¶¶ 58, 65. As in *Baron*, however, this is not a cognizable claim for relief and that portion of the GBL Sections 349 and 350 claims must be dismissed.

## VII.  PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT ANY CLAIMS REGARDING TELEVISION MODELS THAT HE DID NOT PURCHASE

The Complaint alleges that Plaintiff bought one model Samsung LED TV in 2016.  Under those circumstances, Plaintiff cannot bring claims with regard to any of the many other different television models that he mentions in the Complaint. He did not purchase those models, has not suffered any injury from their sale, and he has not (and cannot) plausibly allege that the features and alleged defect in his model TV were also present in all other distinct models of Samsung LED TVs sold since 2012.  Indeed, not only does Plaintiff fail to state a claim against SEA with regard to these LED television models, but his allegations also violate the most basic standing principles embodied in Article III of the United States Constitution.

As the United States Supreme Court has reiterated, the "constitutional requirement" of injury in fact is "the [f]irst and foremost of standing's three elements."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (alteration in original) (internal quotation marks omitted).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that

is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  The Supreme Court has repeatedly held that, "[f]or an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).

The injury requirement "is no less true with respect to class actions than with respect to other suits."  *Lewis v. Casey*, 518 U.S. 343, 357 (1996).  As the Court has thus explained:

> That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.

*Id.* (alteration in original) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).

Recent decisions from this Court repeatedly dismiss putative class claims for want of jurisdiction under Article III where named plaintiffs assert claims on behalf of a putative class associated with products that the named plaintiff neither purchased nor used.  These decisions have held that that the Constitution cannot bear claims "predicated on an injury which the plaintiff has not suffered," and that standing to assert such claims "can[not] be acquired through the back door of a class action."  *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp.

2d 529, 537 (D.N.J. 2011); *see also, e.g.*, *David*, 2018 WL 1960447, at *3

(dismissing, on Article III standing grounds, named plaintiff's "[c]laims relating to

other Volkswagen models or model years" that he neither purchased nor used);

*Semeran v. Blackberry Corp.*, No. 215CV00750SDWLDW, 2016 WL 406339, at

*3 (D.N.J. Feb. 2, 2016) (holding that named plaintiff could not raise claims

pertaining to BlackBerry model smartphones that he neither purchased nor used);

*Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 279–80 (D.N.J.

2011) (holding that named plaintiff could only bring claims concerning Keurig

model series that he actually purchased and used); *see also Kauffman v. Dreyfus

Fund, Inc.*, 434 F.2d 727, 734 (3d Cir. 1970) ("[A] predicate to appellee's right to

represent a class is his eligibility to sue in his own right.  What he may not achieve

himself, he may not accomplish as a representative of a class.").

Although he identifies at least nine Samsung LED TV models in his

Complaint, Plaintiff does not allege that he purchased any Samsung LED

television other than one, Model No. UN50J5201AFX in late 2016.  Plaintiff has

thus pleaded no facts that suggest in what manner he, personally, has been

aggrieved by the sale of television models other than his own.  Nor has he alleged

that he has personally suffered any harm that can be fairly traceable to SEA's

conduct regarding these particular models.  Yet, despite his having purchased only

one TV, Plaintiff purports to represent the purchaser of every single Samsung LED

television sold since 2012, a putative class of completely different models of televisions—nine identified and countless more unidentified—that he neither purchased nor used.  Plaintiff's sweeping putative class allegations in this matter are precisely those which Article III forbids because he cannot establish an injury-in-fact with regard to those products.  *See, e.g.*, *David*, 2018 WL 1960447, at *3 ("[A] plaintiff has standing only for claims related to products he purchased or used."); *Lieberson*, 865 F. Supp. 2d at 537 ("Plaintiff cannot establish standing to pursue a claim that products she neither purchased nor used did not work as advertised.").

Plaintiff's allegations concerning any model television other than that which he personally purchased rest solely on the purported harm "suffered by other, unidentified members of the class to which [he] belong[s] and which [he] purport[s] to represent," and are insufficient to satisfy the Constitution's standing requirements.  *See Lewis*, 518 U.S. at 357 (quoting *Simon*, 426 U.S. at 40 n.20).  Therefore, all claims against SEA regarding these models should be dismissed.[12]

---

[12] SEA notes that older case law from this Circuit had held that a plaintiff could assert those claims on behalf of a putative class as long as he or she possesses standing to bring closely related claims against the same defendant.  *See Haas v. Pitt. Nat'l Bank*, 526 F.2d 1083, 1088–89 (3d Cir. 1975).  That case law, however, has been superseded by subsequent, binding precedent from the United States Supreme Court.  That precedent makes clear that Article III's rigid standing requirements are not weakened simply because a plaintiff couches his claims as ones raised on behalf of a putative class.  *See, e.g.*, *Lewis*, 518 U.S. at 357 (denying

(footnote continued)

Accordingly, all claims against SEA regarding television models that Plaintiff does not allege to have purchased should be dismissed.

## CONCLUSION

Televisions sometimes malfunction.  Plaintiff claims his did.  But he admits that he had a one-year express warranty and that he noticed the malfunction shortly after purchasing the TV within the warranty period.  That warranty disclaimed that his TV would be free from defects and permitted him to receive a repair or replacement at no cost if his TV turned out to be flawed.  Rather than exercise his warranty, he made the inexplicable decision to wait until after the warranty expired to file this class action.  The Court should not condone this conduct, and the law does not permit his claims.  For the reasons set forth above, the Court should dismiss Plaintiff's Class Action Complaint in its entirety with prejudice as a matter of law.

---

standing on claims relating to inadequacies of the administration where the putative class plaintiff could not demonstrate that he was harmed from such inadequacies).  Indeed, it is not surprising that the Third Circuit has not once, in the more than forty years that have elapsed since its decision in *Haas*, followed or cited its holding.

Dated:  October 4, 2018                          Respectfully submitted,

**GIBBONS P.C.**                                 **ARNOLD & PORTER KAYE SCHOLER**
                                                 **LLP**

Michael R. McDonald, Esq.
One Gateway Center                                */s/ Paul J. Fishman*
1037   Raymond   Blvd.,                          Paul J. Fishman, Esq.
Suite 600                                        Diana K. Sterk, Esq. (*pro hac vice* pending)
Newark, New Jersey 07102                         Elie Salamon, Esq. (*pro hac vice* pending)
Tel.: 973.596.4827                               250 West 55th Street
Fax: 973.639.6295                                New York, NY 10019-9710
mmcdonald@gibbonslaw.com                         Tel.: 212.836.8000
                                                 Fax: 212.836.8689
                                                 Paul.Fishman@arnoldporter.com
                                                 Diana.Sterk@arnoldporter.com
                                                 Elie.Salamon@arnoldporter.com

                                                 Kenneth L. Chernof, Esq. (*pro hac vice*
                                                 pending)
                                                 601 Massachusetts Ave., NW
                                                 Washington, DC 20001-3743
                                                 Tel.: 202.942.5000
                                                 Fax: 202.942.5999
                                                 Kenneth.Chernof@arnoldporter.com

Attorneys for Defendant Samsung Electronics America, Inc.