## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD TOBIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                  Defendant. | Civil Action No.: 2:18-cv-12473-JLL-SCM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Edward Tobin ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.    This is a class action against Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant") for the manufacture and sale of certain Samsung LED Televisions (the "Samsung LED TVs" or the "Products"), all of which suffer from an identical design defect. The defect manifests itself in the form of overheating, which results in burning, melting, and in some instances, causing permanent vertical and/or horizontal lines to appear on the television screen, as well as other video anomalies, which obscure the viewing screen and renders the Products unsuitable for their principal and intended purpose.

2.    Online complaints, including those made to the Consumer Product Safety Commission, show that Defendant has been aware of the defect since at least 2014.

Nevertheless, Defendant continues to sell the Products to unsuspecting customers upon the misrepresentations/omissions that the Products are fit for their intended purpose and that consumers are purchasing televisions that display in "Full HD 1080p," perpetrating massive consumer fraud on millions of consumers.

3.     Defendant's misrepresentations and omissions concerning the Products render the Products worthless.  Class members thought they were purchasing safe, quality television sets from a top-tier manufacturer of electronics.  Instead, class members spent hundreds, and even thousands of dollars on worthless televisions sets rendered unusable due to overheating.

4.     Plaintiff seeks relief in this action individually and on behalf of a nationwide class of similarly situated purchasers of Samsung LED TVs for violation of the Magnuson-Moss Warranty Act, breaches of express and implied warranty, unjust enrichment, violation of New York's General Business Law ("GBL") §§ 349 & 350, fraud, and fraudulent concealment.

## THE PARTIES

5.     Plaintiff Edward Tobin is a citizen of New York, residing in Sayville.  On November 24, 2016, Mr. Tobin purchased a Samsung LED TV, Model No. UN50J5201AFX, for $299.99 plus $25.87 in sales tax for a total of $325.86 from a Best Buy store in Patchogue, New York.  Mr. Tobin carefully reviewed the Product's outer packaging before purchasing the Product.  However, within several months of purchasing the Product, the Product overheated and developed permanent vertical lines throughout the side of the screen, rendering the Product unfit for use.  Shortly thereafter, Mr. Tobin contacted an authorized Samsung Certified Service center located in Farmingdale, New York, and described the defect in detail.  An authorized Samsung repair representative informed Mr. Tobin that despite the Product's limited warranty, the price to repair Mr. Tobin's television would cost more than purchasing a new television.  Mr. Tobin also notified Best Buy about the defective nature of his television but was told by Best Buy that it

2

would not honor Samsung's limited warranty.  In purchasing the Samsung LED TV, Mr. Tobin relied on Defendant's representation that the television would be fit to perform its intended purpose.  Mr. Tobin also relied on Defendant's representation that he was purchasing a television with a "Full HD 1080p" display.  Mr. Tobin would not have purchased the Samsung LED TV, or would have done so on materially different terms, had he known that the Product would soon thereafter overheat and develop permanent vertical lines on its screen, rendering the Product useless, and robbing him of the full advertised display.  Mr. Tobin also understood that in making the sale, the retailer was acting with the knowledge and approval of Samsung and/or as the agent of Samsung.  He also understood that the purchase involved a direct transaction between himself and Samsung, because the Samsung LED TV came with packaging and other materials prepared by Samsung, including a user manual and warranty materials, indicating that he was purchasing warranty protection directly from Samsung as part of the transaction with the retailer.

6.     Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business in Ridgefield Park, New Jersey.  Samsung is one of the world's leading manufacturers of consumer electronics and home appliances.  Indeed, in October 2015, Samsung set a new record for television sales, earning over $1 billion in North America. Defendant Samsung markets and sells its LED TVs widely throughout the United States.  Upon information and belief, Defendant Samsung has sold millions of units of defective television sets throughput the Class Period.  Plaintiff reserves his rights to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Samsung LED TVs who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal

question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C.

§ 1367.

8.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)

because there are more than 100 class members and the aggregate amount in controversy exceeds

$5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of

a state different from Defendant.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because

Defendant does business throughout this district and is headquartered in this District.

## FACTS COMMON TO ALL CLAIMS

10.     Televisions are reasonably expected to last more than eight (8) years of

*continuous use*, if not more.  Unfortunately for consumers, however, Samsung LED TVs last

only a fraction of that expectancy.

11.     Shortly after being purchased, Samsung LED TVs are fatally overheating despite

just normal or even minimal use.  The overheating renders the Products useless and manifests

itself in several forms, including but not limited to burning, melting, causing permanent

horizonal and/or vertical lines to appear on the TV's screen, as well as other video anomalies.

12.     Samsung uniformly represents on the Products' packaging that its LED TVs

display in "Full HD 1080p."  "1080p" refers to high-definition video characterized by 1,920

pixels displayed across the screen horizontally and 1,080 pixels down the screen vertically.

However, due to the Products' manufacturing defect, a portion, if not all, of the Products' pixels

on the screen become blacked out and/or fatally obscured.  Thus, consumers are being robbed of

the full advertised display.

13.     By way of example, numerous consumers have submitted photographs of their Samsung LED televisions to Samsung's official product forum website, us.community.samsung.com, as well as to Samsung's Twitter account and the Consumer Product Safety Commission, warning of the defective nature of Samsung's Products, and showing how the Products' defect has damaged the display on their respective Samsung LED TVs:











14.     Indeed, online consumer complaints of Samsung LED TVs overheating and

ruining the Products' display, including complaints made on Samsung's official product forum

website as well on Samsung's Twitter account, are legion:

> "my TV is melting at 1 corner.  Only had it for 1 yr.  Clearly a
> malfunction on your end, but I can't get anyone to show up to fix it."

> "Our 1 year old Samsung TV started melting and almost lighting on fire.
> Your customer service has been no help."

> "I get a thick dark blue vertical line running just to the left side of the
> center of the screen as soon as I turn the TV on and it never goes away
> despite changing channels, or using different components."

> "This just happened to me! White light showed up in the bottom left
> corner of my TV along with horizontal lines across the screen.  Then the
> screen got worse with colorful vertical lines.  Then it went black except
> for the bottom left which had a small white glow which got extremely hot
> and melted the corner and part of the trim.  I then unplugged it.  With all
> these similar complaints, shouldn't have this been recalled!?"

"Had the same problem yesterday and find out . . . many people with the same problem. Samsung Smart TV 50" series 6300, bottom left corner bright / burned (overheating like crazy, touched the area and burned my finger!), horizontal lines…"

"I have the same problem, my Samsung UN50J6200AFXZA tv has vertical lines and now the left corner has got hot and melted the screen and bezel. Please help what is the fix?"

"My 6900 smart series tv started getting horizontal lines on the screen and the picture was freezing in the background at times.  On the left hand side of the screen a black blob started to form along the frame.  The screen at this area was very hot to the touch.  I turned the tv off for a few hours.  Immediately after turning the tv on the screen was again hot and the lines were still on the screen."

"I am having the same issues as many of the customers have described - the screen of the TV is overheating and melting the bottom right corner of the TV.  I am upset because I love samsung products and the TV but this gave me an unsure feeling on the safety of the products."

"Hey @Samsung!  Thanks for the tv with a melting corner … time for a recall based on what I see on the CPSC website?  At least I'm not alone…"

"Exact same! My 50 inch 6200 melted today on bottom left corner."

"It started smoking and melted.  I'm glad I was present or it may have caught fire with the kids in the room.  This is a safety issue for both person and property.  I hope Samsung is intending on taking extremely good care of those that have been impacted by this."

"I had the same exact problem, left corner of the TV got [hot] melted the frame and TV is no good at this point.  Bought it last year Dec. 2015.  Definitely a fire hazard."

"I'm having the same exact problem . . .  The top left pixels went dead and now that same corner is melting and streaks of dead pixels are now running across the entire length of the screen as well.  We haven't been using the TV out of fear that it could start a fire or melt further. please advise!"

"We were watching TV and all of a sudden (no warning, no nothing) the TV goes black, there's a spot in the lower left corner and it's overheating. Then the tv turns from black to white, to vertical lines and that's when we turned it off."

8

"I have a Samsung 50" TV.  Yesterday the picture began to have
problems and an approximately 2" black spot appeared in the lower
left corner of the screen.  The area around the spot was hot enough
to melt part of the case next to the screen.  I purchased two of these
on November 22, 2016.

15.     Upon information and belief, the overheating defect affects, at minimum, the

following series of Samsung LED TVs: 5200, 5300, 5500, 6200, 6300, 6350, 6400, 6900, and

7200.  Upon information and belief, the Products' defective nature spans across numerous

models of Samsung LED TVs because they are all manufactured by one manufacturer and have

essentially identical electrical, physical, and functional characteristics, which utilize the same or

similar components for each model.  Thus, the defect manifests itself equally throughout, at

minimum, the models of Samsung LED TVs specified above.

16.     Online consumer complaints to both the Consumer Product Safety Commission,

as well as Samsung's official product forum website, us.community.samsung.com, show that

Samsung has been aware of the defect since at least 2014.  Other news articles report that

Samsung has "acknowledge[d] overheating issues" with the televisions described herein.

Nevertheless, Samsung continues to sell the Products to unsuspecting consumers upon the

affirmative misrepresentation that the Products are LED televisions that display in "Full HD

1080p" and that they are fit for their intended purpose, perpetrating massive consumer fraud on

the American public, none of whom would have purchased the Products had they known of this

highly material fact.

17.     As a direct result of Samsung's actions, Plaintiff and Class members have

suffered injury in fact, have been damaged and have suffered a loss of money or property for

having paid money for a worthless product.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff seeks to represent a class defined as all persons from 2012 onward in the United States who purchased a defective Samsung LED TV (hereafter, the "Class").

19.     Plaintiff also seeks to represent a subclass of all Class members who purchased a defective Samsung LED TV in the State of New York (hereafter, the "New York Subclass").

20.     Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Subclasses number in the tens of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

21.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

        (a)     whether Samsung's representations, omissions, and conduct regarding the Products were false or misleading;

        (b)     whether Samsung's representations and conduct were likely to deceive consumers into believing that the Products operated properly;

        (c)     whether Samsung engaged in deception in marketing the Products;

        (d)     whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

22.     Plaintiff's claims are typical of the claims of Class and Subclass members because Plaintiff and all Class members purchased a defective Samsung LED TV under the

representation that it would display in "Full HD 1080p" and that it was fit to perform its stated purpose when, in fact, it was not.

23.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

24.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### (Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.)

25.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

26.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

27.     The Samsung LED TVs are consumer products as defined in 15 U.S.C. § 2301(1).

28.     Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

29.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

30.     In connection with the sale of the Samsung LED TVs, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the Products displayed in "Full HD 1080p," and were free from defects and capable of performing their stated purpose.

31.     In fact, the Samsung LED TVs are defective and prone to overheating, thus rendering the Products unfit and unusable, and robbing consumers of the full advertised display.

32.     By reason of Defendant's breach of warranty, Defendant violated the statutory rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiff and Class members.

33.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and propensity to overheat had been known; and (b) the Products did not perform as promised.

## COUNT II
### (Breach Of Express Warranty)

34.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

35.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

36.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller expressly warranted that the Samsung LED TVs would display in "Full HD 1080p."

37.     In fact, the Samsung LED TVs do not display in "Full HD 1080p" due to their defective nature and propensity to overheat, which causes all or a portion of the Products' display to become blacked out and/or obscured, robbing consumers of the full advertised display.

38.     Samsung's limits on its express warranty are unenforceable as Samsung knowingly sold a defective product without conspicuously informing consumers about the defect, and, as such, its warranty is unconscionable.  As a result, Plaintiff and members of the Class did not receive the goods expressly warranted by Samsung.

39.     The one-year time limit contained in Samsung's written limited warranty, which was not conspicuous, in tiny font, and buried at the very end of the User Manual, is also unconscionable and grossly inadequate to protect the plaintiffs and members of the Class. Among other things, Plaintiff and members of the Class had no meaningful choice in determining this time limitation; the terms of the limited warranty unreasonably favored Samsung over members of the Class; a gross disparity in bargaining power existed as between Samsung and members of the Class; and Samsung knew that the Products would not display in "Full HD 1080p," that the Products were defective at the time of sale, and that they would fail well before their useful lives, thereby rending this time limitation insufficient, inadequate, and unconscionable.

40.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and propensity to overheat had been known; and (b) the Products did not perform as promised.

41.     On July 24, 2018, prior to filing this action, Plaintiff's counsel sent Defendant a pre-suit notice letter, via certified mail return receipt requested, that complied in all respects with U.C.C. §§ 2-313, 2-607.  Plaintiff's counsel sent Defendant a letter advising them that they

breached express and implied warranties and demanded that they cease and desist from such breaches and make full restitution by refunding the monies received therefrom. A true and correct copy of Plaintiff's counsel's letter is attached hereto as Exhibit A.

## COUNT III
### (Breach of Implied Warranty of Merchantability)

42.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

43.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

44.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller impliedly warranted that the Samsung LED TVs were fit for their intended purpose in that they would function properly as television sets.

45.     Defendant breached the warranty implied in the contract for the sale of the Samsung LED TVs in that the Samsung LED TVs could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly as television sets due to their defective design and propensity to overheat. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

46.     In reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose, Plaintiff and Class members purchased the Samsung LED TVs for use as television sets.

47.     The Samsung LED TVs were not altered by Plaintiff and Class members. The Samsung LED TVs were defective when they left the exclusive control of Defendant.

48.     Defendant knew the Samsung LED TVs would be purchased and used without additional testing by Plaintiff and Class members.  The Samsung LED TVs were defectively designed and unfit for their intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

49.     Samsung's limits on its implied warranty are unenforceable as Samsung knowingly sold a defective product without conspicuously informing consumers about the defect, and, as such, its warranty is unconscionable.  As a result, Plaintiff and members of the Class did not receive the goods impliedly warranted by Samsung.

50.     The one-year time limit contained in Samsung's written limited warranty, which was not conspicuous, in tiny font, and buried at the very end of the User Manual, is also unconscionable and grossly inadequate to protect the plaintiffs and members of the Class. Among other things, Plaintiff and members of the Class had no meaningful choice in determining this time limitation; the terms of the limited warranty unreasonably favored Samsung over members of the Class; a gross disparity in bargaining power existed as between Samsung and members of the Class; and Samsung knew that the Products were defective at the time of sale and would fail well before their useful lives, thereby rending this time limitation insufficient, inadequate, and unconscionable.

51.     As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and propensity to overheat had been known; and (b) the Products did not perform as promised.

15

## COUNT IV
### (Unjust Enrichment)

52.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

53.    Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

54.    "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state."  *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. 2009) (quoting *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007)).

55.    "Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn," *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. at 58, New Jersey law applies to those claims.

56.    Plaintiff and Class members conferred a benefit on Defendant by purchasing the Samsung LED TVs.

57.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Samsung LED TVs.  Retention under these circumstances is unjust and inequitable because Defendant misrepresented that the Samsung LED TVs were suitable for their intended purpose, when in fact they were not, and concealed the defective nature of the Samsung LED TVs, which caused injuries to Plaintiff and Class members

16

because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and propensity to overheat had been known; and (b) the Products did not perform as promised.

58.     Because Defendant's retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

### COUNT V
### (Violation of New York G.B.L. § 349)

59.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

60.     Plaintiff brings this claim individually and on behalf of the members of the Class and New York Subclass against Defendant.

61.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that its Samsung LED TVs would display in "Full HD 1080p," that they were fit for their intended use as a television set, and also by omitting facts about the defective nature of the Samsung LED TVs

62.     The foregoing deceptive acts and practices were directed at consumers.

63.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Samsung LED TVs to induce consumers to purchase same.  Moreover, had the omitted information been disclosed, Plaintiff would have been aware of it and not purchased the Samsung LED TV.

64.     Plaintiff and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and propensity to overheat had been

known; (b) the Products did not perform as promised, and (c) they overpaid for the Products because they were sold a price premium on account of the misrepresentations and/or omissions. As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Samsung LED TVs or in the difference in value between the Samsung LED TVs as warranted and the Samsung LED TVs as actually sold.

65.     On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

### COUNT VI
### (Violation of New York G.B.L. § 350)

66.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

67.     Plaintiff brings this claim individually and on behalf of the members of the Class and New York Subclass against Defendant.

68.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that its Samsung LED TVs would display in "Full HD 1080p," that they were fit for their intended use as television sets, and also by omitting facts about the defective nature of the Samsung LED TVs.

69.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

70.     This misrepresentation and omission have resulted in consumer injury or harm to the public interest.

71.     Plaintiff and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and propensity to overheat had been known, (b) the Products did not perform as promised, and (c) they overpaid for the Products because they were sold a price premium on account of the misrepresentations and/or omissions. As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Samsung LED TVs or in the difference in value between the Samsung LED TVs as warranted and the Samsung LED TVs as actually sold.

72.     On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## COUNT VII
**(Fraud)**

73.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

74.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

75.     As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about the Samsung LED TVs, including but not limited to the fact that they cannot display in "Full HD 1080p" because they are defectively designed and prone to overheating, thus robbing consumers of the full advertised display.  These misrepresentations and omissions were made with knowledge of their falsehood.

76.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Samsung LED TVs.

77.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VIII
### (Fraudulent Concealment)

78.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

79.     Plaintiff brings this claim individually and on behalf of the proposed Class and New York Subclass against Defendant.

80.     Samsung knew at all material times that its LED TVs were designed defectively and thus prone to overheating, yet marketed their Products as LED TVs that would display in "Full HD 1080p."

81.     These facts were not known to Plaintiff and the Class.

82.     Samsung had a duty to disclose the above known material facts because Samsung knew that these material facts were unknown to Plaintiff and the Class, because Samsung was in a superior position of knowledge with regard to its own technology, and because Samsung chose to make certain representations that presented only a part of the true story and misled consumers about the subject Products.

83.     Samsung's knowledge that its LED TVs were prone to overheating and thus could not provide consumers with the "Full HD 1080p" display as advertised, combined with Samsung's knowledge that Plaintiff and the Class reasonably relied upon Samsung to communicate the true state of facts relating to its LED TVs, creates a legal obligation on

Samsung's part to disclose to Plaintiff and the Class that its LED TVs are defective and prone to overheating and thus cannot display in "Full HD 1080p." Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

84.     Samsung intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the Class and it was foreseeable to Samsung that Plaintiff and the Class would be misled by Samsung's concealment of the above facts.

85.     Samsung's concealment of the above facts has caused damage to Plaintiff and the Class in an amount to be shown at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

b.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

d.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For an order of restitution and all other forms of equitable monetary relief;

g.     For injunctive relief as pleaded or as the Court may deem proper; and

h.     For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.


Dated:  October 25, 2018

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  ___/s/ Andrew Obergfell_____
Andrew Obergfell

Scott A. Bursor (Admitted *Pro Hac Vice*)
Andrew Obergfell
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
aobergfell@bursor.com

*Attorney for Plaintiff*

**EXHIBIT A**

# BURSOR & FISHER

P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

JOSHUA D, ARISOHN
Tel: 646.837.7150
Fax: 212.989.9163
jarisohn@bursor.com

July 24, 2018

*Via Certified Mail – Return Receipt Requested*

Samsung Electronics America, Inc.
85 Challenger Road
Ridgefield Park, NJ  07660

Re:     *Violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.;*
        *Violation of U.C.C. §§ 2-313, 2-314*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Samsung Electronics America, Inc. ("Samsung" or "You"), pursuant to U.C.C. § 2-607(3)(a) and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, concerning the breaches of express and implied warranty described herein., on behalf of our client, Edward Tobin, and a class of all similarly situated purchasers (the "Class") of Samsung LED Televisions (the "Products" or "Samsung LED TVs").

Our client purchased a Samsung LED TV, Model No. UN50J5201AFXZA, at a Best Buy in Patchogue, New York in November of 2016.  However, after minimal use of the Product, permanent vertical lines appeared on the side of the Product's screen due to overheating, rendering the television worthless.  Upon information and belief, this problem includes, but is not limited to, the following series of Samsung LED TVs as well:  5200, 5300, 5500, 6200, 6300, 6350, 6400, 6900, 7200.

By misrepresenting the Products' characteristics, You have violated and continue to violate U.C.C. §§ 2-313, 2-314 and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

On behalf of our client and the Class, we hereby demand that you immediately (1) cease and desist from further sales of Samsung LED TVs; (2) issue an immediate recall of Samsung LED TVs; and (3) make full restitution to all purchasers of Samsung LED TVs.

We also demand that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

BURSOR&FISHER
P.A.

1.      All documents concerning the research, development, design, and/or testing of Samsung LED TVs;

2.      All documents concerning the advertisement, marketing, or sale of Samsung LED TVs;

3.      All documents concerning communications with any retailer involved in the marketing or sale of Samsung LED TVs;

4.      All documents concerning communications with purchasers of Samsung LED TVs;

5.      All documents concerning communications with federal or state regulators; and

6.      All documents concerning the total revenue derived from sales of Samsung LED TVs, nationwide and by state.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Should you fail to rectify the situation on a class-wide basis promptly within receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Joshua D. Arisohn