**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD TOBIN,<br><br>             Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>             Defendant. | Civil Action<br><br>2:18-CV-12473-JLL-SCM<br><br><br>**PRETRIAL SCHEDULING ORDER** |

   **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 30, 2019; and for good cause shown:

   **IT IS** on this Wednesday, January 30, 2019,

   **ORDERED THAT**:

### I.      DISCLOSURES

**1.** Fed.R.Civ.P. 26 initial disclosures shall be exchanged on or before 3/1/2019.

### II.     DISCOVERY

**2.** The parties may serve interrogatories limited to twenty-five (25) single questions), and requests for production of documents for thirty days after 3/28/2019, to be responded to **within thirty (30) days of receipt**. Responses to discovery served prior to today are due within 4/29/2019.

**3.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed.R.Civ.P. 32(d)(3)(A). No instruction not to answer shall be given unless privilege is implicated.

**4.** No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention. L.Civ.R. 37.1(a). Should informal efforts fail within 10 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a **joint dispute letter** filed on ECF not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient. Courtesy copies of exhibits should be mailed to chambers. If the dispute is complex (e.g., concerning privilege, undue burden, or privacy) and requires the filing of briefs and affidavits, counsel may separately file and mail same on the date of their joint dispute letter. No further submissions regarding the dispute may be submitted without leave of

Court.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if needed to resolve the dispute.  *See* L. Civ. R. 16.1(f).

**5.**  Fact discovery as to the putative class representative(s) and Fed.R.Civ.P. 23 class certification (on Mr. Tobin's model television) is to remain open through 8/30/2019.  Class merits discovery is deferred until a decision on certification.  Discovery should be produced on a rolling basis.  All fact and rebuttal expert witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

### III.  DISCOVERY CONFIDENTIALITY ORDERS

**6.**   Any proposed discovery confidentiality order shall be presented as a joint submission. The proposed form of order shall comply with Local Civil Rule 5.3 and the proposed confidentiality order must be clearly designated **"Discovery Confidentiality Order."**

### IV.  FUTURE CONFERENCES

**7.**   There shall be a telephone status conference on 4/10/2019 **at 9:15 a.m.**  Counsel for plaintiff shall initiate the call to chambers.

**8.**   The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

**9.**  Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

**10.**   Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

**11.**  A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### V.  MOTIONS

**12.**   Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than 4/12/2019.

13. **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed.R.Civ.P. 12(b)**.  All dispositive motions must first be subject to a dispositive motion pre-hearing.  Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 78.1.

14.  Dispositive motions, if any, are to be filed by [**TO BE DETERMINED**].

## VI.  EXPERTS

15.   All affirmative expert reports shall be delivered by 10/11/2019**.**  Any such report shall comport with the form and content requirements of Fed.R.Civ.P. 26(a)(2)(B).

16.  All responding expert reports shall be delivered by 11/29/2019.  Any such report shall comport with the form and content requirements stated above.

17.  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.  Expert discovery is open through 12/31/2019.

## VII.  FINAL PRETRIAL CONFERENCE

18.  A final pretrial conference shall be conducted pursuant to Fed.R.Civ.P. 16(e) on TBD.

19.   All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the final pretrial conference to prepare the Final Pretrial Order in the compliance with the form and content requirements of the Court.  Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

20.  The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

21.  **FAILURE TO FOLLOW THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS MAY RESULT IN SANCTIONS PURSUANT TO Fed.R.Civ.P. 16(f) and 37.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/30/2019 10:42:29 AM

Original: Clerk of the Court
Hon. Jose L. Linares, U.S.D.J.
cc: All parties
 File

JLL

4