

**Paul J. Fishman**
+1 973.776.1901 Direct
Paul.Fishman@arnoldporter.com

July 2, 2019

<u>**VIA CM/ECF**</u>

Hon. Steven C. Mannion
United States Magistrate Judge
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, NJ  07101

    Re: *Tobin v. Samsung Electronics America, Inc.*, Civil Action No. 2:18-cv-12473-JLL-SCM (D.N.J.); July 8, 2019 Conference

Dear Judge Mannion:

  We represent Samsung Electronics America, Inc. ("SEA") and respectfully submit this proposed agenda for the tele-conference set for July 8, 2019 at 2:45 p.m.

  **1. <u>Mediation</u>**. Following the last status call, Plaintiff's counsel expressed interest in mediation before the parties incurred the burden and expense of discovery. After conferring, the parties agreed to mediate and to put discovery on hold. The parties then selected a mediator proposed by Plaintiff and booked a date. However, after SEA began to prepare, Plaintiff unilaterally cancelled the mediation. SEA continues to believe that mediation would be fruitful before further time is spent on discovery, particularly in light of the preparatory work that has already been done.

  **2. <u>SEA's Discovery Requests to Plaintiff</u>**. SEA served interrogatories, requests for production of documents, and a request to inspect Tobin's TV. That inspection will provide a significant opportunity to determine whether he has any viable claim, whether

Hon. Steven C. Mannion
July 2, 2019
Page 2

he can possibly be a suitable class representative, and whether there is a prospect of early settlement. We await Plaintiff's response.

      **3. Plaintiff's Discovery Requests to SEA**. The Court's Pretrial Scheduling Order ("Order") set out an aggressive but appropriate time-frame for completion of discovery with regard to Tobin and class certification matters relating to his model TV, so that those threshold issues may be decided first. ECF No. 37 ¶ 5. To facilitate that objective, the Order authorized fact discovery "as to the putative class representative(s) and Fed.R.Civ.P 23 class certification (on Mr. Tobin's model television)." *Id*. Consistent with the order, SEA is producing discovery relevant to Tobin's claim and his model TV. Although Plaintiff's discovery demands are vastly overbroad, confusing, and not proportionate, SEA is working in good faith to quickly provide discovery that is consistent with the parameters set by the Court. The parties have met and conferred regarding certain of SEA's discovery responses, and SEA has provided a detailed written response in which it proposed many areas of compromise.

      These discussions have highlighted an impasse over one issue. Although Plaintiff never objected to the parameters set forth in the Order, Plaintiff refuses to conform his discovery demands to them. Instead, he insists on broad discovery encompassing *more than 225 distinct model TVs* manufactured during a more than seven-year period, relating to both class certification and merits. Even if Plaintiff were to now make a belated request to amend the Order, the Court should deny that request.

Hon. Steven C. Mannion
July 2, 2019
Page 3

The Court correctly established these reasonable discovery limitations so that the parties could resolve the critical threshold issue of whether Plaintiff can sustain a class action related to his own model, let alone at least 225 different models.  As Your Honor will recall, Tobin's allegations demonstrate that he knew about the warranty when his TV allegedly overheated, but he admittedly failed to comply with the warranty's clearly stated requirements.  Those simple facts, along with others that may emerge once his unit is inspected, provide ample reason to pursue first whether Tobin has any claim or could possibly represent any class, before SEA is subjected to harassing and burdensome—and almost certainly unnecessary—discovery on dozens and dozens of models of televisions.

Plaintiff has suggested that the Order was somehow superseded when Judge Linares briefly concluded it was "premature" to evaluate whether Plaintiff can maintain class standing as to TVs he never purchased, saving that issue for another day.  ECF No. 39 at 18.  Nothing about that interim observation alters the rationale for this Court's Order that the parties and Court should not incur the burden of discovery relating to more than 225 model TV models before Plaintiff's own class claims have even been tested.  Accordingly, no deviation is warranted from the current discovery parameters.

**4. <u>Case Schedule</u>.**  Although the Order's approach remains appropriate, a slight adjustment in deadlines makes sense given that the parties agreed to defer discovery while they were planning to mediate.  SEA would not object to an adjustment of all discovery deadlines by 60 days, along with minor clarifications with regard to experts.  The attached chart compares the dates from the current Order to our proposed schedule.

Arnold & Porter

Hon. Steven C. Mannion
July 2, 2019
Page 4

        Respectfully submitted,

        <u>/s/ Paul J. Fishman</u>
        Paul J. Fishman

**Arnold & Porter**

Hon. Steven C. Mannion
July 2, 2019
Page 5

**Exhibit: Proposed Updated Schedule**

| CURRENT SCHEDULE | PROPOSED UPDATED SCHEDULE |
| --- | --- |
| *August 30, 2019*<br><br>Deadline to complete fact discovery as to Tobin, including all fact and rebuttal expert witness depositions, and Fed. R. Civ. P. 23 class certification as to Tobin's model TV. | *October 30, 2019*<br><br>Deadline to complete fact discovery as to Tobin and with regard to class certification in connection with Tobin's model TV, including fact depositions. |
| *October 11, 2019*<br><br>Deadline to serve affirmative expert reports. | *December 11, 2019*<br><br>Deadline to serve affirmative expert reports regarding class certification, with depositions to follow. |
| *November 29, 2019*<br><br>Deadline to serve responding expert reports. | *January 29, 2020*<br><br>Deadline to serve responding expert reports regarding class certification, with depositions to follow. |
| *December 31, 2019*<br><br>Deadline to complete expert discovery. | *February 28, 2020*<br><br>Deadline to complete expert discovery regarding class certification. |